UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 0:17-cv-60041-UU

HENRY AVILA,

    Plaintiff,

v.

CWC TRANSPORTATION, LLC,
*et al.*,

    Defendants.
_____/

## ORDER ON MOTIONS TO DISMISS

THIS CAUSE is before the Court upon Defendants', CWC Transportation, LLC's ("CWC"), Carlos Assayag's ("Assayag"), Clemente E. Cruz's ("Cruz") and William Massaro's ("Massaro"), Motions to Dismiss, D.E. 8 and D.E. 9, filed February 3, 2017.[1]

THE COURT has considered the Motion, the pertinent portions of the record and is otherwise fully advised in the premises. For reasons set forth below, Defendants' Motion is DENIED.

### Background

On January 9, 2017, Plaintiff filed this action, alleging one Count for failure to pay overtime, in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA"), against all Defendants (Count I). D.E. 1.

On February 3, 2017, Defendants moved to dismiss Plaintiff's Complaint, under Federal Rule of Civil Procedure 12(b)(6), based on the motor-carrier exception to the FLSA, 29 U.S.C. § 213(b)(1), which exempts from FLSA coverage "any employee with respect to whom the

---

[1] Defendants appear to have inadvertently filed a duplicate version of their Motion to Dismiss, D.E. 8 and D.E. 9. Accordingly, the Court rules on both Motions simultaneously.

Secretary of Transportation ("Secretary") has power to establish qualifications and maximum hours of service pursuant to the provisions of section 31502 of Title 49 [the Motor Carrier Act]." 29 U.S.C. § 213(b)(1). Plaintiff opposes Defendants' Motions.

## Discussion

I. <u>Legal Standard</u>

In order to state a claim, Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." While a court, at this stage of the litigation, must consider the allegations contained in the plaintiff's complaint as true, this rule "is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In addition, the complaint's allegations must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).

In practice, to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* The plausibility standard requires more than a sheer possibility that a defendant has acted unlawfully. *Id.* Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. *Id.* Determining whether a complaint states a plausible claim for relief is a context-specific undertaking that requires the court to draw on its judicial experience and common sense. *Id.* at 679.

II.  The Motor Carrier Exemption

A. *Governing law*

Under the FLSA, employers generally pay non-exempt employees "one and one-half times the regulate rate" for time worked in excess of forty hours per week. 29 U.S.C. § 207(a)(1). However, the FLSA exempts "any employee with respect to whom the Secretary of Transportation ("Secretary") has power to establish qualifications and maximum hours of service pursuant to the provisions of section 31502 of Title 49 [the Motor Carrier Act]." 29 U.S.C. § 213(b)(1).

Under 49 U.S.C. § 31502(b), "[t]he Secretary has power to establish qualifications and maximum hours of service for employees who (1) are employed by carriers whose transportation of passengers or property by motor vehicle is subject to the Secretary's jurisdiction under the Motor Carrier Act; and (2) engage in activities of a character directly affecting the safety of operation of motor vehicles in the transportation on the public highways of passengers or property in interstate or foreign commerce within the meaning of the Motor Carrier Act." *Baez v. Wells Fargo Armored Service Corp.,* 938 F.2d 180, 181-82 (11th Cir. 1991) (citing 29 C.F.R. § 782.2(a)); *see also Opelika Royal Crown Bottling Co. v. Goldberg*, 299 F.2d 37, 43 (5th Cir. 1962). The exemption under 49 U.S.C. § 31502(b) is commonly referred to as the motor carrier exemption. *See, e.g.*, *Alvarado v. I.G.W.T. Delivery Sys., Inc.*, 410 F. Supp. 2d 1272, 1275-77 (S.D. Fla. 2006).

To prevail on the motor carrier exemption, defendants must prove that: (1) defendants are a motor carrier subject to the Secretary's jurisdiction under the Motor Carrier Act; and (2) a plaintiff was engaged in activity directly affecting the sale or operation of motor vehicles in interstate commerce. *Id.*; 29 C.F.R. §§ 782.2(a)-(b)(2).

B.  *Analysis*

Here, Defendants argue that Plaintiff's Complaint should be dismissed for three main reasons. First, Defendants argue that CWC is registered and regulated by the Department of Transportation as being engaged in interstate commerce, thereby satisfying the first prong of the motor carrier exemption inquiry. D.E. 8 p. 5. In support, Defendants attach to their Motions proof of CWC's DOT Certification number MC-606256-C. D.E. 8-1.

Second, Defendants argue that they satisfy the second prong of the motor carrier exemption inquiry because Plaintiff meets the definition of being a "private motor carrier," which is defined as "a person, other than a motor carrier, transporting property by motor vehicle when: (i) the transportation is as provided in section 13501 of this title; (ii) the person is the owner, lessee, or bailee of the property being transported; and (iii) the property is being transported for sale, lease, rent, or bailment or to further a commercial enterprise." 49 U.S.C. § 13102(15). In support, Defendants represent, without any reference to Plaintiff's Complaint or extrinsic evidence, that: "Plaintiff is bailee of the petroleum products during the time that the Plaintiff picks up his approximately 8,500 gallons of fuel at the suppliers terminal at Port Everglades on behalf of the Defendant and delivers it to the retail gas stations, as part of the commercial contracts and enterprise between the Defendant, the supplier, and the gas station." D.E. 8 p. 6.

Third, Defendants argue, again without relying on Plaintiff's Complaint or extrinsic evidence, that Plaintiff was engaged in interstate commerce because he has Commercial Driver's License ("CDL") pursuant to 49 C.F.R. § 390, *et seq.*, which Plaintiff maintains in order to drive Defendants' vehicles and deliver fuel to Defendants' third-party fuel suppliers. *Id.* pp. 6-7.

Plaintiff responds to Defendants' arguments in two ways. First, Plaintiff argues that Defendants improperly ask the Court to look beyond the four corners of Plaintiff's Complaint. D.E. 10 pp. 3-7. Second, Plaintiff argues that the motor carrier exemption is an affirmative defense, on which the employer bears the burden of proof, such the "allegations in Plaintiff's Complaint are not required to negate the possibility that Plaintiff is exempt under the Motor Carrier Exemption to avoid dismissal." *Id.*

The Court agrees with Plaintiff and rejects Defendants' invitation to rely on their unsupported statements in their Motions, as well as extrinsic evidence, in ruling on their Motions to Dismiss.

In particular, Defendants ask the Court to rely on: (1) Defendants' unsupported representations concerning Plaintiff's role as their employee; (2) Defendant's unsupport representations concerning Defendants' business; and (3) extrinsic evidence concerning CWC's DOT registration. D.E. 10. However, **none** of these pieces of argument or evidence are either alleged or can be inferred from the allegations in Plaintiff's Complaint. D.E. 1; D.E. 10. Because the Court is limited to the four corners of Plaintiff's Complaint in ruling on a motion to dismiss under Rule 12(b)(6) and, based on Plaintiff's allegations, cannot find that Defendants satisfy **either** prong of the motor carrier exemption, Defendants' Motions are denied. *Speaker v. U.S. Dep't of Health & Human Servs. Centers for Disease Control & Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010); *Burton v. Hillsborough Cty., Fla.*, 181 F. App'x 829, 840 (11th Cir. 2006) (plaintiff not required to negate application of FLSA exemption, which is an affirmative defense, in her complaint); *see Ceant v. Aventura Limousine & Transp. Serv., Inc.*, 874 F. Supp. 2d 1373, 1383 (S.D. Fla. 2012) ("A plaintiff is not required to negate the possibility of independent

contractor status in order to avoid dismissal."); *see also Roberts v. Caballero & Castellanos, PL*, No. 09-23131-CIV, 2010 WL 114001, at *3 (S.D. Fla. Jan. 11, 2010) (same). Accordingly, it is

ORDERED AND ADJUDGED that Defendants' Motions, D.E. 8 and 9, are DENIED. It is further

ORDERED AND ADJUDGED that Defendants SHALL file their Answer to Plaintiff's Complaint, D.E. 1, no later than **Friday, March 24, 2017.**

DONE AND ORDERED in Chambers, Miami, Florida, this 10th day of March, 2017.

*[signature]*
URSULA UNGARO
UNITED STATES DISTRICT JUDGE

copies provided:
counsel of record