UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 17-60041-CIV-O'SULLIVAN
[CONSENT]

HENRY AVILA,

    Plaintiff,

v.

CWC TRANSPORTATION, LLC, *et al.,*

    Defendants.
_____/

## ORDER

THIS MATTER is before the Court on the Defendants' Motion to Temporarily Redact References to Settlement Terms in Fairness Hearing Transcript (DE# 84, 5/14/18). Having reviewed the applicable filings and the law, it is

ORDERED AND ADJUDGED that the Defendants' Motion to Temporarily Redact References to Settlement Terms in Fairness Hearing Transcript (DE# 84, 5/14/18) is **DENIED**.

The Court finds that the motion does not comport with Eleventh Circuit case law. "A common law right of access exists as to civil proceedings." Wilson v. American Motors Corp., 759 F.2d 1568, 1571 (11th Cir. 1985). Courts have recognized a common law right to access even where the parties have privately agreed to keep certain matters confidential. See Brown v. Advantage Eng'g, Inc., 960 F.2d 1013, 1016 (11th Cir. 1992); Pessoa v. Countrywide Home Loans, Inc., No. 6:06-cv-1419-Orl-JGG, 2007 WL 1017577, at *1 (M.D. Fla. April 2, 2007). "The common law right of access may be overcome by a showing of good cause, which requires 'balanc[ing] the asserted right of

access against the other party's interest in keeping the information confidential.'" Romero v. Drummond Co., 480 F.3d 1234, 1246 (11th Cir. 2007) (citing Chicago Tribune Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304, 1309 (11th Cir. 2001)).

In Brown, the Eleventh Circuit explained that in its earlier Wilson decision, the Eleventh Circuit took "great pains 'weighing the competing interests of preserving the district court's authority in encouraging settlement agreements and the public's right to access public trials.'" Id. at 1015 (quoting Wilson, 759 F.2d at 1569). In Brown, Eleventh Circuit further explained that "[i]t is immaterial whether the sealing of the record is an integral part of a negotiated settlement between the parties . . . Once a matter is brought before a court for resolution, it is no longer solely the parties' case, but also the public's case. Absent a showing of extraordinary circumstances . . . the court file must remain accessible to the public." Brown, 960 F.2d 1016.

The transcript of the fairness hearing in this case is subject to the common law right of access. The instant motion fails to demonstrate good cause to support the redacting/sealing of the fairness hearing transcript.

DONE AND ORDERED in Chambers at Miami, Florida this **17th** day of May, 2018.

JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies to:
All counsel of record